IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VERNAL ALSTON,** : | **CIVIL ACTION NO. 1:04-CV-2218** |
| Petitioner : | (Judge Conner) |
| v. : | |
| **PENNSYLVANIA BOARD OF** : | |
| **PROBATION AND PAROLE, et al.,** : | |
| Respondents : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254. For the reasons that follow, the petition will be denied.

**I.     Statement of Facts**

In 1985, following convictions for robbery, petitioner Vernal Alston ("Alston"), was sentenced by a Pennsylvania state court to a period of incarceration of ten to twenty-two years, with a minimum expiration date of September 14, 1994, and a maximum expiration date of September 14, 2006. (Doc. 23-2, p. 2). He was paroled from the sentence on September 14, 1994. (Id. at p. 6).

In September 1997, while on parole, Alston was charged in federal court with distributing crack cocaine. (Doc. 23-2, p. 9). On October 30, 1997, following a plea of guilty to the federal charges, he was released on a personal recognizance bond pending sentencing on the federal charges. (Id.) However, he was immediately arrested and taken into custody pursuant to a Pennsylvania Board of Probation and Parole ("Board") warrant to commit and detain him based upon technical parole

violations and new federal criminal charges. (Doc. 23-2, p. 12). Within days, the Board held a parole revocation hearing, and in February 1998, Alston was notified that he was recommitted to a state correctional institution to serve three months as a technical parole violator and nine months as a convicted parole violator. (Doc. 23-3, p. 9). He was also informed that he had thirty days to appeal the Board's decision.

Inexplicably, Alston did not file an appeal challenging the Board's decision to revoke his parole and the detainer until June 2001.[1]  (Docs. 23-3, p. 9, 23-4, p. 9). The appeal was dismissed as untimely. (Doc. 23-4, p. 9). In July 2003, Alston submitted a second administrative appeal, which was also summarily dismissed as untimely. (Doc. 23-4, p. 16).

In August 2003, he filed a petition for review in the Commonwealth Court of Pennsylvania seeking to challenge, in the Commonwealth Court's original jurisdiction, an order he failed to timely appeal. Because original jurisdiction may not be used to revive lapsed appeal rights, the petition was dismissed . (Doc. 23-5, p. 18). Alston then filed a petition for allowance of appeal in the Pennsylvania

---

[1]Alston was sentenced on the federal charges in May 1999, to an eighty-four month term of incarceration. On December 6, 1999, Alston was transferred from state to federal custody to commence service of his federal sentence. On May 2, 2000, the Board issued a detainer for the return of Alston to state custody at the conclusion of service of his federal sentence. (Doc. 23-3, p. 13). Alston was released from federal custody and returned to state custody to serve the remainder of his state sentence on July 28, 2005. (Doc. 41-2, p. 2).

Supreme Court on September 19, 2003. (Doc. 23-5, p. 20). The petition was denied on August 30, 2004. (Doc. 23-5, p. 36).

The Board issued a decision on August 15, 2005, reaffirming the earlier decision to commit Alston as a technical and convicted parole violator and setting forth his maximum release date as July 23, 2015. (Doc. 41-2, p. 13). Alston was notified of his right to appeal the decision. No appeal was filed.

The instant petition and supporting memorandum of law were filed on October 8, 2004. (Docs. 1, 2). Alston is "challenging constitutional rights violations and the legality of continued state custody." (Doc. 2, p. 5). He seeks an order directing the Board to withdraw its detainer and to recalculate his maximum release date.

## II.   Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). Therefore, Alston's claim that his due process rights have been violated in the context of parole revocation, such that his sentence has been lengthened, is an appropriate subject for review in the context of the instant habeas corpus petition.

However, Alston also argues that the Board's actions constituted constitutional rights violations, such as cruel and unusual punishment. These claims do not "challenge the very fact or duration of the confinement itself." Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). Therefore, they are inappropriately

raised in a habeas corpus petition. Constitutional claims that challenge the conditions of a prisoner's confinement may be brought pursuant to § 1983 of Title 42 in the first instance. See Nelson v. Campbell, 541 U.S. 637, 643 (2004); see also Preiser, 411 U.S. at 498-499. Therefore, these claims will be dismissed.

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1); see also Preiser, 411 U.S. at 491-92 (1973) (exhaustion is required for challenges to the actions of a state administrative body). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. Id.

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse

4

the failure to exhaust and treat the claims as exhausted. Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). However, such claims are considered procedurally defaulted, see Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160, and will not be reviewed unless the petitioner demonstrates "cause" for the procedural default and "actual prejudice" resulting therefrom. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). "Cause" may be shown by demonstrating that some objective, external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Actual prejudice" may be shown by demonstrating that the external impediment "worked to [petitioner's] actual and substantial disadvantage infecting [petitioner's] entire trial with error of constitutional dimensions." See Id. at 494.

Alternatively, a federal court may excuse a procedural default when the petitioner establishes that failure to review the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 at 224. A miscarriage of justice may only be found in the extraordinary case where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

In the matter *sub judice*, Alston failed to present his claims in a manner sufficient to afford the state courts the opportunity for review. Specifically, a parole revocation decision must be appealed within thirty days of the mailing date of the

Board's order.  See 37 PA. CODE § 73.1(a)(1); see also Id. at 73.1(a)(4).  ("[A]ppeals which are out of time under these rules will not be received.").  Alston's first appeal, filed on June 21, 2001, was well beyond the thirty day period, and came more than three years after the Board's last action.  The second appeal was filed five years later.  Because Alston failed to timely file his appeals, and the timeliness of an appeal is jurisdictional, the Board was without authority to consider it.  See Ayers v. Pennsylvania Bd. of Prob. & Parole, 565 A.2d 1257, 1258 (Pa. Commw. Ct. 1989) (finding that since timeliness of appeal is jurisdictional, Board is without authority to consider untimely appeal), citing Ziev v. Dep't of Public Welfare, 548 A.2d 701 (Pa. Commw. Ct. 1988).

Moreover, Alston failed to timely appeal the Board's decision to the Commonwealth Court.[2]  See Calloway v. Pennsylvania Bd. of Prob. & Parole,  857 A.2d 218, 220 (Pa. Commw. Ct. 2004)(finding that a direct appeal of the Board's order must be addressed to the Commonwealth Court's appellate jurisdiction). Consequently, the Pennsylvania courts were without the authority to entertain Alston's petition for review.  See Calloway, 857 A.2d at 221 (finding mandamus action  subject to dismissal because appeal rights had lapsed and could not be revived under the guise of a mandamus action).   Hence it was dismissed. Under these circumstances, there is no exhaustion of state court remedies.

---

[2] His petition for review was filed more than five years after the Board's initial decision.

The failure to exhaust may be excused when there is no available state corrective process; nevertheless, the unexhausted claims are procedurally defaulted.  As a result, federal habeas review of the claims is foreclosed unless Alston can establish cause and actual prejudice, or a fundamental miscarriage of justice.  However, Petitioner offers no explanation for the three year delay in filing an appeal, and the court can discern no external impediment that may have prevented him from doing so.[3]  Nor has Alston argued that he is "actually innocent," and hence there does not exist in this case the danger of a miscarriage of justice.  See Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).  Accordingly, the petition will be denied as to these claims.

Finally, Alston is not entitled to relief on the claim that his maximum expiration date was improperly calculated.  Alston failed to challenge the maximum expiration date set forth in the August 15, 2005 Notice of Board Decision by filing a petition for administrative review within thirty days of the date of the decision.  37 PA. CODE § 73.1(b)(1).  If Alston were now to petition the Board to consider the claim, his request would be denied as untimely.  Id.   An appeal to the Commonwealth Court would likewise be rejected on procedural grounds.  See Evans v. Pennsylvania Dep't of Corrections, 713 A.2d 741, 743 (Pa. Commw. Ct. 1998).  Consequently, this claim is also procedurally defaulted and review is precluded unless Alston can demonstrate cause and prejudice, or a fundamental

---

[3]Because petitioner has failed to demonstrate cause, the court need not discuss whether actual prejudice exists.  See Coleman, 501 U.S. at 757.

miscarriage of justice.  As with the other claims, Alston has expressed no grounds which would result in a finding of either cause for his default, or the resulting prejudice.  Nor has Alston asserted his actual innocence.  The petition will be denied as to this claim.

### III.    Certificate of appealability

A certificate of appealability may be issued only when a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Hence, the Court declines to issue such a certificate.

An appropriate order will issue.

        /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:        February 1, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNAL ALSTON,** | : | **CIVIL ACTION NO. 1:04-CV-2218** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE, et al.,** | : | |
| Respondents | : | |

## ORDER

AND NOW, this 1st day of February, 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The claims concerning violations of his constitutional rights are DISMISSED without prejudice to Alston's right to pursue them in a civil rights action.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED in all other respects.

3. The court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c).

4. The Clerk of Court is directed to CLOSE this case.

      /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge